UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21126-BLOOM/Louis

JULIO MARAMBIO,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Remand, ECF No. [10] ("Motion"). Defendant filed its response in opposition, ECF No. [12] ("Response"), to which Plaintiff filed his reply, ECF No. [17] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

    **I.**    **BACKGROUND**

This matter stems from a lawsuit Plaintiff initiated in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Nationwide Insurance Company of Florida ("Nationwide") on February 5, 2020, Case No. 2020-002490-CA-01. ECF No. [1]. On February 21, 2020, Plaintiff filed an amended complaint, ECF No. [1-2] at 47-58 ("Amended Complaint"), for breach of contract naming Defendant, rather than Nationwide, as the Defendant in the action. *Id.* Defendant was served that day with the Amended Complaint, a request for production, a request for admissions, and a request for written interrogatories. *Id.*

Case No. 1:20-cv-21126-BLOOM/Louis

According to the Amended Complaint, Plaintiff purchased from Defendant an insurance policy to provide coverage for his dwelling located at 4000 West 16th Avenue, Hialeah, FL 33012. ECF No. [1-2] at 48. He alleges that Hurricane Irma caused a covered loss and substantial damage to his property on or about September 9, 2017, and that he timely filed a notice of loss regarding the damages. *Id.* The Amended Complaint asserts that Defendant "refused and continues to refuse to pay the full amount of Plaintiff's claim." *Id.* According to Plaintiff, Defendant's refusal to pay the full amount of the claim is a breach of the insurance policy. *Id.* at 49-50. The Amended Complaint alleges damages in excess of $30,000.00, exclusive of costs, interest, and attorney's fees. *Id.* at 47. The Amended Complaint attached a damages estimate reflecting damages incurred by Plaintiff as a result of the loss totaling $149,150.51. *Id.* at 58.

On March 13, 2020, Defendant filed its Notice of Removal, ECF No. [1] ("Removal Notice"), pursuant to 28 U.S.C. § 1332, 1441, and 1446, asserting diversity jurisdiction. In the Removal Notice, Defendant contends that the amount in controversy exceeds $75,000.00. Specifically, Defendant asserts that using the $149,150.51 figure from the damages estimate and subtracting a $33,943.53 payment made to Plaintiff and a $42,000.00 deductible, the amount in controversy is $73,206.98. According to Defendant, once reasonable attorney's fees are included, which fees are based on work performed in drafting the Amended Complaint and the three discovery requests, the missing $1,797.03 needed for diversity jurisdiction is established. *Id.* at 4.

Plaintiff now files the instant Motion seeking to remand the action back to state court. ECF No. [10]. Plaintiff does not dispute that the parties are diverse and that removal was timely, but he challenges that the amount in controversy does not exceed $75,000.00. Specifically, he asserts that using the $149,150.51 damages estimate, after the deductible and tendered payments are

2

subtracted, the amount in controversy is $73,206.98, which is below the statutory threshold.[1] He argues that Defendant cannot consider attorney's fees and costs to satisfy the amount in controversy because Defendant simply speculates without evidence as to the amount incurred at the time of removal. *Id.* at 5-6. Accordingly, he maintains that the case should be remanded and that he is entitled to reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). *Id.* at 3, 7.

Defendant responds that the action is properly situated in federal court because whether remand is appropriate "hinges upon the single question of whether the plaintiff incurred attorney's fees of [$]1,793.03 at the time the complaint and discovery was filed." ECF No. [12] at 1. Defendant asserts that the Motion does not provide any "statement as to the number of hours counsel spent to prepare the complaint and the discovery, or the billing rate charged," and thus, "it is hardly speculative that Plaintiff's statutory attorney's fees and costs upon the filing of this action exceeds the $75,000.00 threshold for this Court's jurisdiction." *Id.* It maintains that when the Amended Complaint was filed, Plaintiff also served a notice of taking deposition duces tecum of a field adjuster and Defendant's corporate representative, interrogatories, an amended request for production, and an amended request for admissions. *Id.* at 2.

Defendant asserts that based on the legal work performed prior to removal, Plaintiff's "attorney's fees and costs easily exceed $1,793.03 at the time of removal." *Id.* Further, Defendant contends that "[w]hile there is a split in authority whether a court, for the purpose of satisfying the amount in controversy, can consider the amount of fees to be incurred through trial or only at the

---

[1] Plaintiff asserts in the Motion that depreciation in the amount of $4,660.57 should also be subtracted from the damages estimate, which would set the amount in controversy at $68,546.98. ECF No. [10] at 2. However, he maintains that even if Defendant were to pay the recoverable depreciation, the amount in controversy would remain below the requisite jurisdictional threshold. *Id.* at 1 n.1.

Case 1:20-cv-21126-BB Document 18 Entered on FLSD Docket 05/12/2020 Page 4 of 11

Case No. 1:20-cv-21126-BLOOM/Louis

time of remand, the court need not resolve that issue to deny the motion." *Id.* at 3. It adds that the "record clearly establishes with legal certainty that the legal work performed at the time of removal by a lawyer of Ms. Richison's [Plaintiff's counsel] experience exceeds $1,793.03." *Id.* at 6-7.[2] Finally, Defendant requests that the Court not award attorney's fees if it orders remand. *Id.* at 7.

In the Reply, Plaintiff asserts that his counsel worked approximately 2 hours on the matter at an hourly rate of $495 prior to removal. As such, even when attorney's fees and costs are included, the jurisdictional threshold is not met. ECF No. [17] at 1. Specifically, Plaintiff represents that although Defendant's counsel is correct that "Plaintiff filed a Complaint, an Amended Complaint, discovery, amended discovery, and exchanged phone calls and emails with defense counsel prior to removal," the amendments made to the initial complaint and to the initial discovery were "clerical in nature as the only changes made were 1) renaming the Defendant to identify the correct party and 2) amending the attorney fee statute cited within the original Complaint." *Id.* at 2. Plaintiff adds that the amendments "took but a mere moment to complete" and the "majority of time incurred by Plaintiff's counsel prior to removal pertained to brief phone calls and email exchanges with Defense counsel." *Id.*[3] Therefore, Plaintiff asserts that after filing costs and counsel's fees are totaled, additional expenses incurred by Plaintiff at the time of removal are $1,430.94, which is below the jurisdictional amount. *Id.* at 3. He again requests that the Court

---

[2] Defendant submits an affidavit from its counsel, Anthony Torrente, ECF No. [12-2], in which Mr. Torrente estimates that Plaintiff's counsel performed 4.5 hours on the matter at an hourly rate of $400.00. *Id.* at 2.

[3] Plaintiff submits an affidavit from his counsel, Robin Richison, ECF No. [17-1], in which counsel states that she "spent a total of two (2) hours amending the pleadings and communicating with defense counsel" at the time of removal, her hourly rate is $495, and "[w]hen combining the two (2) hours of time incurred working on the case and filing expenses, Plaintiff incurred a total of $1,430.94 in attorney's fees and costs prior to Defendant's Notice of Removal." *Id.* at 2.

remand the lawsuit and award Plaintiff his reasonable attorney's fees and costs incurred in preparing and filing the Motion and the Reply. *Id.* at 5.

The Motion, accordingly, is ripe for consideration.

## II.     LEGAL STANDARD

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. *Id.* A party may remove the action from state court to federal court if the action is within the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may

require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

Although a defendant has a statutory right to remove an action to federal court, "the right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts." *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2219730, at *1 (S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Thus, "when the court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand." *Id.* (citing *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997)); *see also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) ("[I]t is axiomatic that ambiguities are generally construed against removal." (citation and internal quotation marks omitted)); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

Nonetheless, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d

at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360.

Through this lens, the Court analyzes Motion and the parties' arguments.

### III.    DISCUSSION

The briefs raise two overarching issues. The first is whether the amount in controversy at the time of removal exceeds $75,000.00. The second issue is whether Plaintiff is entitled to attorney's fees if the Court orders remand. The Court will address each issue in turn.

#### A.    The amount in controversy does not exceed the jurisdictional threshold

The primary dispute between the parties is whether Plaintiff's counsel's work on the matter at the time of removal nudges the amount in controversy past the $75,000.00 threshold. The parties appear to agree that the damages estimate of $149,150.51 is the base figure from which the deductible of $42,000.00 and prior tendered payments of $33,943.53 may be subtracted. *See* ECF No. [12] at 2. This generates an amount in controversy of $73,206.98.[4] Therefore, in order to avoid remand, Defendant bears the burden of proving the remaining $1,793.03 by a preponderance of the evidence. Upon review and consideration, Defendant has not carried its burden.

As a preliminary matter, this Court has held that the amount in controversy "does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal." *Caceres v. Scottsdale Ins. Co.*, No. 19-cv-24163, 2019 U.S. Dist. LEXIS 209688, at *11 (S.D. Fla. Dec. 5, 2019). In *Caceres*, the Court noted that

---

[4] Although there is some disagreement over whether depreciation in the amount of $4,660.57 should also be subtracted from the base figure, *see* ECF Nos. [10] at 2; [12] at 6; [17] at 3-4, Plaintiff concedes that he has not abandoned recoverable depreciation as damages, and he acknowledges that the $73,206.98 figure may apply. *See id.* at ECF No. [17] at 1, 3-4. The damages estimate attached to the Amended Complaint, further, does not include an amount for depreciation. Accordingly, upon review, the Court will use this figure rather than Plaintiff's proposed alternative figure of $68,546.98.

7

although the Eleventh Circuit has explained that "'[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy,' it has not yet clarified whether the amount of attorney's fees included in the amount in controversy is the amount accrued at the time of removal or the prospective amount of attorney's fees required to litigate the entire case." *Id.* at *9 (internal citation omitted). In adopting the former, the Court reasoned that while there is a split within the Eleventh Circuit,

> many district courts across Florida have calculated these statutorily authorized attorney's fees as those accrued at the time of removal, especially in determining whether federal jurisdiction exists. This conclusion is in line with Eleventh Circuit precedent establishing that "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*. . . . That plaintiff *might* ask for or recover more after removal is not sufficient to support jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (citations omitted). In addition, calculating attorney's fees as of the time of removal comports with "the general rule that post-removal events, such as the subsequent generation of attorney fees, cannot create jurisdiction that was lacking at the outset." *Lott & Friedland, P.A.*, 2010 U.S. Dist. LEXIS 57888, 2010 WL 2044889, at *4 (citing *Rogatinsky*, 2009 U.S. Dist. LEXIS 100402, 2009 WL 3667073, at *3 ("post-removal events . . . will not retroactively establish subject-matter jurisdiction.")); *Waltemyer*, 2007 U.S. Dist. LEXIS 7769, 2007 WL 419663, at *2 ("While attorney fees through the conclusion of the litigation are included when the action is filed initially in federal court, there is no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal and the court cannot rely on post-removal events in examining its subject matter jurisdiction." (citing *Morrison*, 228 F.3d at 1265; *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000))).

*Id.* at *10-11 (footnote omitted; emphasis in original). The Court finds no reason to deviate from its prior conclusion that attorney's fees incurred at the time of removal are included within the amount in controversy analysis. Accordingly, Defendant's efforts to distinguish cases cited by Plaintiff where remand was granted "on the basis that only those fees accrued up to the time of removal may be included in calculating whether the amount-in-controversy requirement is met" is misplaced. ECF No. [12] at 5.

Turning to the evidence, Defendant asserts that the "amount of fees based upon [Plaintiff's prior] legal work all of which was performed before removal easily exceeds $1793.03." *Id.* In support, it relies on Mr. Torrente's affidavit, which represents that based upon his review of the "initial complaint, amended complaint, discovery (deposition notices, admissions, request for production, and interrogatories), and the time [he] personally spent communicating with [Plaintiff's] counsel," the work "necessary to complete the pleadings and discovery, plus [his] communications with counsel exceeds 4.5 hours," and that the average hourly rate for Plaintiff's counsel is $400.00 *See* ECF No. [12-2] at 2. According to Defendant, the record "establishes with legal certainty" that Plaintiff's counsel's work performed at the time of removal exceeded the missing $1,793.03. *Id.* at 6-7. However, Plaintiff has presented evidence that its counsel only expended two hours on relevant legal work prior to removal, and that with filing expenses, Plaintiff incurred a total of $1,430.94 in attorney's fees and costs prior to the Removal Notice's filing. *See* ECF No. [17-1] at 2.

Upon review, comparisons of 1) the initial complaint and the Amended Complaint and of 2) the initial discovery and amended discovery reveal that the materials are virtually identical with only minor clerical alterations. *See* ECF No. [1-1]. This militates in favor of Plaintiff's representation that its counsel did not spend much time on pre-removal work against Defendant. Further, although Defendant refers generally to pre-removal communications with opposing counsel, it fails to establish the length of the communications or provide a basis for the Court to infer that the communications totaled more than two hours. Even were that not so, any ambiguities or doubts concerning a court's jurisdiction are resolved in favor of remand. *See Rietwyk*, 2010 WL 2219730, at *1; *Fettner v. Reed*, Case No. 16-cv-81118, 2016 WL 4035006, at *2 ("Where jurisdiction is not absolutely clear, the Eleventh Circuit favors remand."); *Caceres*, 2019 U.S. Dist.

LEXIS 209688, at *7 ("the Eleventh Circuit has stressed that in 'matters concerning removal and remand . . . 'it is axiomatic that ambiguities are generally construed against removal.'"). Accordingly, based on the record at hand, the Court concludes that Defendant has not carried its burden by a preponderance of the evidence to establish that the amount in controversy at the time of removal exceeded $75,000.00. Remand, therefore, is appropriate.

### B. Awarding Plaintiff attorney's fees is not warranted

Plaintiff requests that the Court award him attorney's fees incurred in connection with filing the Motion and the Reply pursuant to 28 U.S.C. § 1447(c). *See* ECF Nos. [10] at 7; [17] at 5. That statute directs that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* The standard for awarding fees "turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Upon consideration, the Court exercises its discretion and declines to award attorney's fees because Defendant had an objectively reasonable basis for seeking removal. Defendant set the ascertained amount in controversy at over $73,000.00, and its estimate concerning the hours

worked and the hourly rate charged by opposing counsel on legal work performed at the time of removal was not outlandish. Indeed, it appears to have been made in good faith. Further, other courts in this circuit have included prospective attorney's fees incurred after removal. Therefore, the imposition of attorney's fees under § 1447(c) is inappropriate on this record.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand, **ECF No. [10]**, is **GRANTED IN PART AND DENIED IN PART**.
2. This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.
4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 11, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record